[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS AND REQUEST FOR FRANKS HEARING
On August 10, 1993, Sergeant Joseph Rizzo of the New Britain Police Department, applied for a warrant for the arrest of the defendant, James Taylor, for misconduct with a motor vehicle in violation of General Statutes § 53a-57; traveling unreasonably fast in violation of General Statutes § 14-218a; and violation of traffic control signal pursuant to General Statutes § 14-299(c)(2). Sergeant Rizzo submitted an affidavit, and the Honorable Edward J. Leavitt made a finding that there was probable cause to believe that the defendant had committed said violations.
The defendant, James Taylor, moves to dismiss the charges against him on the grounds that the conduct of the principal investigator and affiant for the arrest warrant in this case, together with the state's willful and deliberate withholding of exculpatory evidence constitute a pattern of demonstrated and long standing continuous official misconduct.
In the alternative, the defendant requests an evidentiary hearing pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, Section 7 of the Connecticut Constitution and the doctrine of Franks v. Delaware, 438 U.S. 154
(1978), on the grounds that the affidavit in support of the arrest warrant contains omissions that were material to the finding of probable cause and is wholly unreliable.
The State argues that dismissal is granted only in extreme circumstances, and that a Franks hearing is not appropriate in this case. The State claims that it has made all exculpatory CT Page 7186 material available to the defense, and that the alleged omissions, if included in the affidavit, would not have precluded the magistrate from finding probable cause to arrest the defendant.
Under the Franks doctrine,
 [W]here a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard of the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.
Franks v. Delaware, supra, 438 U.S. 155-56. This holding applies to arrest warrants as well. State v. Bergin, 214 Conn. 657,666 n. 8, 574 A.2d 164 (1990). A Franks violation "does not deprive the court of jurisdiction nor does it bar a subsequent prosecution or void a resulting conviction." State v.Patterson, 231 Conn. 708, 716 (1990).
"[B]efore a defendant is entitled to a Franks hearing for an alleged omission, he must make a substantial preliminary showing that the information was (1) omitted with the intent to make, or in reckless disregard of whether it made, the affidavit misleading to the issuing judge, and (2) material to the determination of probable cause." Id., 666-67.
The defendant argues that information omitted from the affidavit is material to a finding of probable cause. Specifically, the defendant points to factual information known to CT Page 7187 the affiant demonstrating lack of impairment or intoxication due to consumption of alcohol, and factual information known to the affiant regarding the circumstances and cause of the accident which exculpates the defendant. The defendant also argues that exculpatory information which diminishes the credibility of the affiant was withheld from the defendant. The defendant also argues that the material information omitted was done so with the intent to mislead the magistrate.
In support of his contention that the omissions from the affidavit are material, the defendant first claims that the affidavit omits any mention of statements taken by witnesses which indicate the lack of signs of intoxication. However, paragraph 30 of the affidavit states:
 That New Britain police officers who were at the scene, were interviewed by this affiant. None noted any indication of drinking or intoxication by James Taylor.
The affidavit does not state that the defendant showed any signs of intoxication on the night of the accident.
The affidavit does contain information undisputed by the defendant which supports a finding of probable cause: that the defendant admits that he drank six or seven pints of beer before leaving the club that night; that seven witnesses saw the defendant at the Hibernians Social Club that night; that the bartender recalled serving the defendant alcohol the night of the accident.
When the court must make a determination as to whether the challenged information was material to a finding of probable cause, the affidavit must be supplemented by the challenged information. State v. Weinberg, 215 Conn. 231, 238,575 A.2d 1003 (1990). Only if the court concludes that the addition of the challenged material defeats probable cause is the defendant entitled to an evidentiary hearing. State v. Bergin,
supra, 214 Conn. 671. Even if the affidavit is supplemented by statements of witnesses who did not discern signs of intoxication, which truly was included in a summary, but proper, format, the defendant's admission that he had consumed six or seven beers on the night of the accident is undisputed. Other witnesses' confirmation that he had in fact been drinking supports a finding of probable cause. CT Page 7188
The defendant next claims that the affidavit omitted the fact that the initial accident report did not cite the defendant's speed as a factor in the accident, and that the now deceased operator of the second vehicle was found to be at fault. The defendant claims that the omission of the decision made at the scene to issue a citation to the other driver is a material omission. The defendant contends that the affidavit highlights witness reports which demonstrate fault on his part, and omits information which diminishes the credibility of the witnesses' statements.
The initial investigation results were later found to be incorrect, however. A complete investigation and reconstruction of the accident took several months to complete. The defendant admits that he was traveling at a speed higher than indicated by the initial report. A thorough study of the skid marks and the deployment of the air bag, as well as calculations based on facts not available to the affiant on the night of the accident, demonstrated that the preliminary determinations were incorrect. The affiant did leave out information that was inconsistent with the physical evidence. The police may properly exclude material which appears to them to be immaterial or unsubstantiated. State v. Bergin, supra, 214 Conn. 666.
Including the information about the preliminary findings and the witness statements does not bar a finding of probable cause. The affidavit contains undisputed facts, including the defendant's own admission as to his speed, and the affiant's physical evidence and calculations of the accident reconstruction results.
The defendant claims that the alleged material omissions were made intentionally or recklessly. Specifically, the defendant argues that the information omitted was known to the affiant at the time he presented the affidavit to the magistrate, and that such information was critical to a probable cause determination.
However, an inference of recklessness "is warranted only when the material omitted would have been `clearly critical' to the finding of probable cause, and existing precedents in fact generally have relied also on additional circumstances in support of their findings of recklessness." UnitedStates v. Reivich, 793 F.2d 957, 961 (8th Cir. 1986). This CT Page 7189 court has already determined that the omissions were not material, so the reckless/intentional prong is not satisfied either. The affiant determined that some of the information was unreliable, which justified his decision to omit this information. Even if it had been included, it would not have barred a finding of probable cause.
The defendant also argues that exculpatory information which casts doubt on the credibility, objectivity and integrity of the affiant and principal investigator has been withheld from him. The defendant cites several reports and statements which do indeed demonstrate some contradictions concerning various aspects of the investigation. The affiant has certainly put his credibility and integrity at issue.
The State, however, represented in its brief and in court that it has always maintained an "open-file" policy with the defense in the case at bar. The prosecution turned over the exculpatory information to the defense well before the commencement of trial, and as same became known and available to the State.
The prosecution is under a duty to provide the defense with any exculpatory evidence that is material to the guilt or punishment of a defendant. Brady v. Maryland,373 U.S. 83 (1963). In order to establish a Brady violation, the defendant must establish three elements: "(1) that the prosecution suppressed evidence after a request by the defense; (2) that the evidence was favorable to the defense; and (3) that the evidence was material." State v. Rasmussen, 225 Conn. 55,90, 621 A.2d 728 (1993). Each of the three prongs must be satisfied.State v. Green, 194 Conn. 258, 480 A.2d 526 (1985).
Under Brady, the term "suppressed" means that the alleged exculpatory evidence is first discovered by the defense after trial. State v. Reddick, 197 Conn. 115, 121,496 A.2d 466 (1985). "Evidence known to the defendant or his counsel, or that is disclosed, even if during trial, is not considered suppressed as that term is used in Brady . . ." State v.Rasmussen, supra, 225 Conn. 91.
Connecticut case law demonstrates that where the evidence is disclosed during trial, the defendant has no basis for claiming suppression. State v. Walker, 214 Conn. 122, 126,571 A.2d 686 (1990). When such evidence is disclosed at trial, the CT Page 7190 defendant "bears the burden of proving that he was prejudiced by the failure of the state to make . . . information available to him at an earlier time." Id., 126-27. "The unmistakable tone of Brady is that evidence required to be disclosed must be disclosed at a time when it can be used." State v. Pollitt,199 Conn. at 414.
The contention that suppression does not occur when evidence is provided prior to trial is supported by case law which discusses the materiality prong. Materiality "is an examination of the overall value of the `suppressed' evidence to the defendant in light of the other evidence admitted againsthim." (Emphasis added.) State v. Amarillo, 198 Conn. 285,298, 503 A.2d 146 (1986). Such an examination cannot be done prior to trial.
Here, the defendant was given the exculpatory evidence well before trial. Therefore, no suppression has occurred under Brady. The defense cannot yet establish whether the information is material under Brady. Because the defendant is unable to establish violations of all three prongs of theBrady test, the defendant cannot prevail on this issue.
The defendant has failed to meet the requirements which entitle him to a Franks hearing. Because the defendant has failed to make a substantial showing that the information was material to the determination of probable cause, and was omitted recklessly or intentionally, the request for a Franks
hearing is denied.
In addition to alleging that he is entitled to aFranks hearing, the defendant alternatively claims that dismissal of the action is appropriate to deter a pattern of demonstrated and long standing misconduct. In support of this claim, the defendant cites the omissions from the affidavit, the lack of credibility of the affiant, the initial results of the accident investigation and the withholding of exculpatory information.
"Dismissal of an information is a drastic action that is appropriate in cases where `there was a need either to eliminate prejudice to a criminal prosecution, where it was impossible to do so by lesser sanctions, or to deter a pattern of demonstrated and longstanding widespread or continuous official misconduct.'" State v. Bergin, supra, 214 Conn. 672. However, CT Page 7191 "[i]f the omissions do not amount to a Franks violation, it is hard to conceive how their omission from the affidavit can be considered such egregious conduct by the affiant as to warrant the extreme sanction of dismissal." Id., 672-73.
The Bergin court cites to two Second Circuit cases which emphasize the rarity of the sanction of dismissal. InUnited States v. Fields, 592 F.2d 638 (2d Cir. 1978), the district court's dismissal of a criminal case was overturned. Members of the Securities and Exchange Commission admitted that they misled defense attorneys into believing that their clients, already facing civil actions, would not have their cases referred to the United States Attorney for criminal prosecutions. The court found that this was isolated misconduct, rather than a widespread practice of the SEC. "[P]roper regard for the public interest in the prosecution of crimes counsels restraint in dismissing an indictment for deterrence purposes." Id., 648.
In United States v. Broward, 594 F.2d 345 (2d Cir. 1979), government officials submitted false material for arrest and search warrants and committed perjury at a suppression hearing. The Second Circuit refused to dismiss the charges reasoning that dismissal must be reserved for `truly extreme cases." Id., 351. The court cited factors such as the public interest in prosecuting serious crimes and the ability of the defense to impeach government witnesses in making its decision that dismissal was inappropriate. Id., 351.
This court has already determined that the omissions were not material and were not done intentionally or recklessly. At this time, the statements made by Sergeant Rizzo are inconclusive as to whether the information in the affidavit is false. Even if some of that information does subsequently prove to be false, there are enough undisputed facts, including the defendant's own admissions, to prevent dismissal. Even if the statements prove to be false, they are statements made by one individual, and do not demonstrate a widespread pattern of official misconduct. As the defendant himself points out, Captain Minas made clear that the information was to be provided to the defense. (See Defendant's Brief, p. 28). The prosecution has also represented that all exculpatory evidence has been made available to the defendant, and the defendant was able to use this information in his motion to dismiss. This case does not present the extreme situation described in CT Page 7192Bergin, Fields and Broward, and dismissal is not appropriate.
This court has examined the documentation supplied by both parties, and notes that the initial abdication by the New Britain Police Department to the State Police, along with the questionable comments of one of the key investigators, are understandably some of the reasons that the defendant believes that much of the important information was omitted from the warrant. Poor judgment and haste resulted in an abandonment of many of the preliminary findings.
At this time, however, there is enough information, by virtue of many undisputed facts, admissions and subsequent reconstruction calculations, to justify the charges against the defendant. The defendant has not sustained his burden of showing that the information was omitted from the warrant with the intent to mislead the issuing judge, nor that the omissions were material to the finding of probable cause. Therefore, the defendant's motion to dismiss and his request for a Franks
hearing are denied.
Howard Scheinblum, Superior Court Judge
CT Page 7192